UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM GNESIN and
JENNIE GNESIN,

        Plaintiffs,

vs.                                Case No. 12-cv-12595
                                    HON. GERSHWIN A. DRAIN

AMERICAN PROFIT RECOVERY,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#6] AND DISMISSING ACTION

### I.    Introduction

On June 14, 2012, Plaintiffs, Adam and Jennie Gnesin, filed the instant action alleging that Defendant, American Profit Recovery, is attempting to collect a consumer debt for lawn care services performed by Go Green Lawn Tree Care ("Go Green") in the amount of $181.00 for services allegedly performed by Go Green in 2010. Plaintiffs raise claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), MICH. COMP. LAWS § 339.901(b).[1]

---

[1] Plaintiffs also brought a claim pursuant to the Michigan Regulation of Collection Practices Act ("MRCPA"), MICH. COMP. LAWS § 445.251 *et seq.*, however Plaintiffs indicate in their Response in Opposition to Defendant's Motion to Dismiss that they agree to voluntarily dismiss this claim based on Defendant's admission that it is a licensed collection agency. *See* Resp. Br. at 6. The MRCPA regulates persons whose collection activities are confined and directly related to the operation of a business other than that of a collection agency. *See* MICH. COMP. LAWS § 445.251(g). Thus, Defendant is not subject to the MRCPA. *See Gradisher v. Check Enforcement Unit*,

Presently before the Court is the Defendant's Motion to Dismiss, filed on July 26, 2012. Upon review of Defendant's Motion to Dismiss and Plaintiffs' Response in Opposition, the Court concludes that oral argument will not aid in the disposition of this matter and resolves the pending motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

II. Factual Background

Plaintiffs claim that Defendant is attempting to collect a debt which Plaintiffs do not owe as they did not hire Go Green for services in 2010. Plaintiffs assert that sometime during the week of May 1, 2012, Defendant called Plaintiffs' residence and spoke with Jennie Gnesin. Compl., ¶ 8. Defendant asked to speak with Adam Gnesin, who was not at home. Compl., ¶ 10. Mrs. Gnesin informed the caller that Mr. Gnesin was not at home. *Id.* Defendant's employee advised Mrs. Gnesin that he was attempting to collect a debt related to the lawn care services performed by Go Green, however Mrs. Gnesin indicated that she was unfamiliar with the bill. Compl., ¶¶ 11-12. She also told Defendant's employee, multiple times, that she was on the other line and that she was unable to speak at the moment. Compl., ¶ 13. She asked that Defendant's employee call her back later. *Id.* However, Defendant's employee would not stop talking and refused to amicably terminate the call and continued to improperly attempt to collect the debt. Compl., ¶ 14. Plaintiffs claim to have suffered economic, emotional, general and statutory damages as a result of Defendant's actions. Compl., ¶ 20.

---

133 F. Supp. 2d 988, 992 (W.D. Mich. 2001).

III. Law & Analysis

A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

B.  Fair Debt Collection Practices Act

Defendant argues that Plaintiffs have failed to state a claim under the FDCPA. Plaintiffs make no effort to identify the specific statutory provisions that Defendant has violated. Rather, Plaintiffs refer generally to the statute leaving Defendant to blindly guess which provisions of the statute it has allegedly violated. Defendant is correct that Plaintiffs fail to identify the specific statutory provisions upon which they rely for relief. Plaintiffs respond that their allegations set forth a claim under § 1692c and § 1692d.

The Court concludes that Plaintiffs have failed to state a claim under either § 1692c or § 1692d. "The FDCPA prohibits 'conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.'" *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). The FDCPA provides a non-exhaustive list of the conduct which will expose a debt collector to liability under the Act:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency . . . .
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
> (6) Except as provided in section 804 [15 U.S.C. § 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d. To determine whether certain conduct violates the Act, the Court must use an objective test from the perspective of the least sophisticated consumer." *Harvey*, 453 F.3d at 329.

Plaintiffs contend that their allegations fall within the purview of § 1692d(5). In order to state a claim under § 1692d(5), Plaintiffs must allege that the contents of the telephone calls were harassing, abusive or misleading, as well as the caller's intent. *See Smith v. Accounts Research Inc.*, No. 10-cv-213, 2012 U.S. Dist. LEXIS 11317, *12 (E.D. Tenn. Jan. 31, 2012).

"[A]lthough the question of 'whether conduct harasses, oppresses, or abuses will [ordinarily] be a question for the jury, . . . Congress has indicated its desire for the courts to structure the confines of § 1692d.'" *Harvey*, 453 F.3d at 330. Thus, courts "have dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Id.* Here, the only conduct identified is a single telephone call wherein, after being told multiple times by Mrs. Gnesin that she could not speak at the moment, Defendant continued the conversation in an attempt to collect the debt. This conduct "does not have the natural consequence of harassing or abusing" Mrs. Gnesin. There are no allegations that plausibly suggest that Defendant's call was intended to annoy, harass or abuse the debtor, rather Defendant "would not stop talking and refused to amicably terminate the call and continued to improperly attempt to collect" the debt.

Even viewing these allegations from the perspective of an unsophisticated consumer, they do not rise to the level of oppressive, abusive or deceptive collection practices which Congress sought to eliminate in enacting the FDCPA. *See* 15 U.S.C. §

1692a. Although the list of conduct that will subject a defendant to liability is non-exhaustive, "the examples of oppressive conduct listed in § 1692d concern tactics intended to embarrass, upset, or frighten a debtor." *Harvey*, 453 F.3d at 329. As in *Harvey*, where the Sixth Circuit Court of Appeals affirmed the district court's dismissal of a FDCPA claim because the conduct of filing one debt collection lawsuit did not amount to the oppressive conduct sought to be eliminated by the Act, the sole phone call here, involving a refusal to stop talking and end the conversation amicably, does not amount to oppressive or abusive conduct under the FDCPA.

Furthermore, Plaintiffs have failed to allege the intent element of § 1692d(5). While there is no bright line rule concerning the amount of calls sufficient to justify an inference of intent to harass or annoy, "a court may consider the 'frequency, persistence, and volume of the telephone calls' to determine intent . . . ." *Roth v. NCC Recovery, Inc.*, No. 10-cv-02569, 2012 U.S. Dist. LEXIS 101592, * 9-10 (N.D. Ohio July 23, 2012). "Repeatedly" means "calling with excessive frequency under the circumstances . . . ." *Id.* "Continuously" has been defined by courts as "making a series of calls, one right after the other." *Id.* Here there was a single phone call made by Defendant. Plaintiffs' allegations to not plausibly allege an intent to harass, oppress or abuse the Plaintiffs.

Further, Plaintiffs lack standing to assert a claim under § 1692c because they do not allege that they are "consumers" within the meaning of the FDCPA. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003). "The Sixth Circuit has expressly held that § 1692c, applying to 'consumers,' is more limited than other portions of the FDCPA which apply to 'any person.'" *Kaniewski v. Nat'l Action Fin. Servs.*, 678 F. Supp. 2d 541, 545 (6th Cir. 2009) (citing *Montgomery*, 346 F.3d at 696-97). Consumer is defined

in the Act as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C.§ 1692a(3).

In *Montgomery*, the court held that the plaintiff did not have standing to assert a claim under § 1692c because his complaint did not allege that he was "obligated or allegedly obligated to pay any debt in connection with the purchase of" his mother's car. *Montgomery*, 346 F.3d at 697. Similarly, Plaintiffs' allegations deny that they owe the debt sought to be collected during the May 2012 phone call. Compl., ¶ 7 ("Plaintiff does not owe this alleged debt as he did not hire Go Green Lawn for services in 2010."); *see also Kaniewski*, 678 F.Supp. 2d at 545 (concluding that the plaintiff lacked standing to bring a claim under § 1692c because the plaintiff alleged that "Defendant made several automated calls to Plaintiff and his co-workers attempting to collect a debt that belongs to a different debtor."); *Smith v. Accounts Research, Inc.*, 2012 U.S. Dist. LEXIS 11317, at *31-32 (granting summary judgment where evidence demonstrated that the plaintiffs were not obligated to pay the underlying debt, therefore they were not consumers under the Act).

IV.     Conclusion

Accordingly, Defendant's Motion to Dismiss [#8] is GRANTED. Plaintiffs have failed to state a claim under the FDCPA. Further, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim alleging violation of the Michigan Occupational Code. Supplemental jurisdiction over state law claims should be declined when all federal claims are dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

This cause of action is dismissed.

SO ORDERED.

                                          /s/Gershwin A Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE

Dated: November 19, 2012